## Green River Chemical Co., et al. v. Board of Trustees of the Town of Rockport, Ohio County, Kentucky.

(Decided March 7, 1911.)

### Appeal from Ohio Circuit Court.

1. Deeds—Sale of Lot for Manufacturing Purposes—Provision as to Termination of Business—Change in Character of Business.— Where a lot was conveyed with a provision in the deed that in the event the vendee or his assigns cease to do a manufacturing business the lot shall at once become for sale, the vendor having first call on purchase and shall have credit for $500.00 on purchase price, Held. that a change in the business of manufacturing wood alcohol to that of an extensive saw mill business was allowed by the deed. It did not require a continuation of the manufacture of wood alcohol, but only required a manufacturing business without specifying any particular kind.

2. Same—Evidence of Intention of Maker of Deed.—Proof showing the intention of the maker of a deed is only admissible when the language of the deed is ambiguous.

BARNES and ANDERSON for appellants.

J. E. FOGLE, WILSON and CROWE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

On December 9, 1902, appellee purchased a small piece of land adjoining the town of Rockport, but which

has since been included within the corporate limits of the town, and on the same day conveyed it by deed to appellant in consideration of $1.

"And the further consideration that, in the event the 2nd party, their successors or assigns, shall cease to do a manufacturing business on the lot hereinafter described, then, the said lot shall, at once, become for sale and that the 1st party shall have 1st call on purchase of said lot and in the event the 1st party shall purchase said lot, then the 1st party shall have a credit of $500 in the purchase price of said lot," &c.

Appellant obtained this lot for the purpose of erecting a plant to manufacture wood alcohol, charcoal, acetate of lime and other by-products. It erected thereon a large chemical plant, retort room, charcoal room, drying-kiln and all machinery, appliances and equipments necessary for that purpose, and operated it until 1907, when it sold the plant to a person by the name of Bohannon who has since ceased to operate it for such purpose. In 1903 appellant procured a saw mill manufacturing plant to be established on a part of the lot, in the name of Burgess & Co., who operated it for some time under that name and then sold it to one Moffitt and others who operated it for some time, and then a corporation was formed which took it over and has been ever since and is now operating it in the name of "The Rockport Saw Mill Co." These parties have spent considerable money in erecting this saw mill plant, and are now working thirty-five or forty persons every day and pay out five or six hundred dollars every week. The railroad company at that point has run a spur down by the mill and on to a coal mine situated on the river a short distance below the mill.

Appellees instituted this action for a recovery of the land upon the idea that appellant had ceased manufacturing wood alcohol and its by-products. It asks that, in the event they cannot recover the lot, it be sold and its lien for $500 be enforced under that part of the deed copied herein. The contract, as expressed in the deed from appellee to appellant, authorized appellant to dispose of the property, but required that a manufacturing plant be conducted on the lot and if that business ceased, then the lot should be sold and the city should have a lien for $500. The uncontradicted proof shows that a manufacturing business has been conducted on the lot

ever since soon after the date of the deed to the present, and it appears that this mill is a valuable adjunct to the town. The deed did not require a continuation of the manufacture of wood alcohol, but only required a manufacturing business without specifying any particular kind. Appellee introduced considerable proof showing what the intention of the makers of the deed was. Such proof is only admissible when the language of the deed is ambiguous, which is not true in this case; the words used, "manufacturing business," are plain and need no explanation by witnesses; consequently such testimony was not competent. It is agreed that the city, as a corporate body, had no right to make this conveyance, and that it had no right to purchase any real estate except for park and cemetery purposes. Conceding this to be correct, it did, however, make the conveyance to appellant. Mrs. Campfield, from whom the city purchased the lot, is not complaining nor is any taxpayer of the city, and it is certainly not right for the city, after having induced persons by means of the conveyance, to spend from twenty to forty thousand dollars in establishing a manufacturing plant, to recover the lot and all the improvements thereon. At the time the action was instituted and at the time of trial, it appears there was a manufacturing establishment in operation on the lot and this action was prematurely brought.

For these reasons, the judgment is reversed and the case remanded, with directions to dismiss appellee's petition.